**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| SOUNDADVICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE and META PLATFORMS, INC.,<br><br>Defendants. | Case No. 8:26-cv-2641<br><br>DECLARATORY RELIEF REQUESTED<br><br>DEMAND FOR A JURY TRIAL |

# COMPLAINT

Plaintiff SoundAdvice, Inc. ("SoundAdvice"), by and through undersigned counsel, sues Defendants John Doe and Meta Platforms, Inc. ("Meta"), and alleges as follows:

## NATURE OF THE ACTION

1. This case is about the copyright takedown system turned into a weapon. Someone impersonated a professional photographer, filed forged copyright reports in his name, and used them to shut down a legitimate business's social-media accounts. The photographer filed nothing. The company that owns the photograph filed nothing, and it had licensed

SoundAdvice to use the image in the first place. The reports were false from beginning to end.

2. The forgeries worked. Relying on them, Meta disabled three of SoundAdvice's Instagram accounts, branded SoundAdvice a repeat infringer, and is now poised to delete the main account along with the very records that would expose the fraud.

3. The person who filed the false reports is liable under 17 U.S.C. § 512(f), which makes anyone who knowingly and materially misrepresents that material is infringing answerable for the resulting damages, costs, and attorney's fees. That person's identity is not yet known to SoundAdvice and is named here as John Doe. Meta holds the records that will unmask him.

4. Against Meta, SoundAdvice seeks a declaration of the parties' rights under 17 U.S.C. § 512(g): that SoundAdvice's counter-notifications are effective, that no complaining party has sued to keep the material down, and that Meta must restore the removed content and reinstate the accounts it disabled on the strength of reports that were forged.

## THE PARTIES

5. Plaintiff SoundAdvice, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Brandon, Hillsborough County, Florida. SoundAdvice produces and promotes music-industry events, masterclasses, and educational programming, and it markets those offerings through the Instagram accounts @soundadvice.club, @soundescape.club, and @soundadviceclub and through associated Facebook and web properties.

6. Defendant John Doe is, on information and belief, a natural person whose true identity is presently unknown to SoundAdvice.[1] On information and belief, Doe is the person who submitted to Meta the fraudulent copyright reports described in this Complaint, and did so under the assumed identity of the photographer Beau Austin. SoundAdvice will amend this Complaint to allege Doe's true name once it is ascertained, which SoundAdvice expects to accomplish through discovery directed to Meta. Doe purposefully directed his conduct at SoundAdvice, a Florida resident, and caused injury to SoundAdvice in Florida.

---

[1] Plaintiff strongly believes the individual is Shane Lavin, an Irish national, that Plaintiff had worked with previously and with whom that professional relationship has since devolved.

7. Defendant Meta Platforms, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Meta owns and operates the Instagram and Facebook services. Meta is a service provider within the meaning of 17 U.S.C. § 512(k)(1), and it maintains a designated agent to receive notifications under 17 U.S.C. § 512(c). Meta conducts substantial and continuous business throughout Florida, including within this District.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act of 1976, as amended by the Digital Millennium Copyright Act, 17 U.S.C. § 512. The Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. The claim against Meta is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual and justiciable controversy exists between SoundAdvice and Meta concerning their respective rights and obligations under 17 U.S.C. § 512(g), as set out below.

10. The Court has personal jurisdiction over Meta because Meta continuously and systematically conducts business in Florida and has purposefully availed itself of the privilege of doing business here, and because the claim

against Meta concerns accounts held by a Florida resident and conduct directed at Florida.

11. The Court has personal jurisdiction over John Doe under Florida's long-arm statute, section 48.193, Florida Statutes, because Doe committed a tortious act aimed at and causing injury to a Florida resident. Doe knew that the harm from his misrepresentations would fall on SoundAdvice in Florida, where SoundAdvice resides and conducts its business.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here and a substantial part of the injury was suffered here, at SoundAdvice's principal place of business. Meta is also subject to personal jurisdiction in this District and therefore resides here for venue purposes under 28 U.S.C. § 1391(c)(2) and (d). Assignment to the Tampa Division is proper under Local Rule 1.04 because SoundAdvice's principal place of business lies in Hillsborough County.

## FACTUAL ALLEGATIONS

### ***SoundAdvice and its Instagram accounts***

13. SoundAdvice is a music-industry events company founded by Aggrey Ellis-Sangmuah, Richelle Alleyne, and Jason Burgos. It produces live

events, masterclasses, and educational programming featuring established figures in music production and recording.

14. Instagram is central to how SoundAdvice reaches its audience. SoundAdvice built and maintained the accounts @soundadvice.club and @soundescape.club over a period of years and used them to promote its events, announce appearances, and communicate with a following it developed at considerable expense. After those accounts were disabled, SoundAdvice opened a third account, @soundadviceclub, to keep reaching its audience while it worked to resolve this dispute.

15. These accounts were assets of real value. The audience they reached and the promotional reach they represented were built through years of programming and marketing, and they cannot be recreated overnight.

***The Eddie Kramer photograph and SoundAdvice's license***

16. Among the figures SoundAdvice promotes is the recording engineer Eddie Kramer, whose work SoundAdvice features in its events and educational programming.

17. SoundAdvice used a single portrait photograph of Mr. Kramer in its event promotion. That photograph was taken by the professional photographer Beau Austin, whose full name is Beau Austin Trembly, during a

Toontrack production session. The rights to the photograph are held by Toontrack Music AB ("Toontrack").

18. Toontrack authorized SoundAdvice's use of the photograph. By a signed license dated March 3, 2026, Toontrack granted SoundAdvice a limited license to use the photograph to promote Mr. Kramer's professional services, expressly including use on Instagram and other Meta platforms. SoundAdvice's use fell squarely within that license.

19. Neither Toontrack nor Mr. Austin ever contended that SoundAdvice's use of the photograph infringed any right. There was no infringement to complain of. The use was licensed and authorized in writing.

***The forged reports and the takedowns***

20. Beginning in February 2026, Meta disabled SoundAdvice's accounts and removed its content on the strength of copyright reports concerning the single Eddie Kramer photograph.

21. In February 2026, Meta disabled @soundadvice.club under its repeat-infringer policy. It removed a post from @soundescape.club, identifying that removal by report number 1941183163171954. An associated Facebook account was disabled as well.

22. After SoundAdvice opened @soundadviceclub to maintain contact with its audience, that account too was disabled, on the strength of the same kind of copyright report concerning the same photograph.

23. Each takedown traced to reports representing that SoundAdvice's use of the Eddie Kramer photograph infringed a copyright. Those representations were false, and the person who made them knew they were false.

24. The reports were submitted in the name of the photographer, Beau Austin. They were not his. Mr. Austin did not file, submit, or authorize any copyright report, complaint, notice, strike, or takedown request against SoundAdvice or its accounts. When SoundAdvice showed him the report attributed to him, he did not recognize it. Someone had used his name and identity, without his knowledge or consent, to file forged reports. Mr. Austin has confirmed each of these facts in a sworn declaration.

25. Toontrack, the owner of the photograph, likewise submitted no report and made no complaint. To the contrary, Toontrack had licensed the very use that the reports falsely claimed to be infringing.

***Meta's reliance and its refusal to disclose the reports***

26. Meta acted on the forged reports. In reliance on them, Meta removed SoundAdvice's content, disabled its accounts, and recorded copyright strikes against SoundAdvice, which Meta then used to treat SoundAdvice as a repeat infringer under 17 U.S.C. § 512(i).

27. Since February 2026, SoundAdvice has asked Meta, repeatedly, to identify the reports and strikes underlying its determination, to name the parties who filed them, and to specify the content and URLs at issue. Meta has refused.

28. The only report number Meta has ever provided, 1941183163171954, concerns the single removed post on @soundescape.club. For @soundadvice.club, the main account, Meta has never provided a report number at all.

29. Meta's refusal to disclose the report number for the main account is not a mere technicality. Meta's own counter-notification form cannot be completed without the report number, so by withholding it Meta made its put-back process impossible to use for the very account it had disabled. SoundAdvice was told to supply a key that Meta would not hand over.

30. When a retraction was submitted to Meta and assigned number 1526682002798317, Meta rejected it on the ground that the submitting

email address, report number, or URL did not match Meta's records. That was information only the impersonator possessed, because he, not SoundAdvice and not Mr. Austin, had filed the original report. Meta demanded matching information that it had withheld and that its own refusal made impossible to provide.

31. Meta has identified its own internal case references for this matter, including case++aaztkz6f54edhh, case++aazqott6tz3icc, and case++aazql6dfewt7k4.

***SoundAdvice's counter-notifications***

32. SoundAdvice is the subscriber of the disabled accounts within the meaning of 17 U.S.C. § 512(g). SoundAdvice has submitted, and has otherwise stood ready and repeatedly attempted to submit, counter-notifications that comply with 17 U.S.C. § 512(g)(3): each identified the removed material and the location at which it had appeared, stated under penalty of perjury SoundAdvice's good-faith belief that the material was removed as a result of mistake or misidentification, and supplied SoundAdvice's name, address, and telephone number together with its consent to the jurisdiction of this Court, accompanied by the Toontrack license establishing that the use was authorized.

33. For @soundescape.club, where Meta disclosed report number 1941183163171954, SoundAdvice submitted the counter-notification materials described above, and the photographer separately submitted a sworn retraction confirming that he had been impersonated and that SoundAdvice was authorized to use the photograph. For @soundadvice.club and @soundadviceclub, SoundAdvice was prevented from perfecting its counter-notifications for one reason only: Meta's refusal to disclose the report numbers its own form requires. SoundAdvice did everything within its power to invoke the put-back procedure, and Meta's own conduct is the sole reason the procedure was not completed for those accounts.

34. More than fourteen business days have passed since SoundAdvice submitted its counter-notification materials, and Meta has neither restored the removed material nor reinstated the accounts. No person has notified Meta or SoundAdvice that he or she has filed an action seeking a court order to restrain SoundAdvice from any activity relating to the material, as 17 U.S.C. § 512(g)(2)(C) would require to justify continued suppression. There is no such suit because there is no legitimate claimant. The reports were forged.

### *Meta's threatened destruction of the evidence*

35. On August 24, 2026, Meta displayed a final notice stating that @soundadvice.club had violated its intellectual-property terms, that more than 180 days had elapsed, that no further review was available, and that the account's information would be permanently deleted. On August 25, 2026, Meta provided a link to download the account's data.

36. Meta is therefore on the verge of deleting the main account and, with it, the reporting records that identify the person who submitted the forged reports. Those records are material evidence in this dispute, and SoundAdvice has demanded in writing that Meta preserve them.

### *Harm to SoundAdvice*

37. SoundAdvice has been injured by the takedowns. It lost the accounts and the audience and promotional reach they represented, it lost the ability to promote its events during a period when that promotion mattered most, and it has incurred costs and attorney's fees in its continuing effort to undo the damage. The harm is ongoing and continues to mount.

## COUNT I

## Knowing Material Misrepresentation Under 17 U.S.C. § 512(f)

## (Against Defendant John Doe)

38. SoundAdvice realleges and incorporates paragraphs 1 through 37 as though fully set forth herein.

39. Section 512(f) of the DMCA provides that any person who knowingly materially misrepresents under section 512 that material or activity is infringing shall be liable for any damages, including costs and attorney's fees, incurred by the alleged infringer or by a copyright owner's authorized licensee who is injured by the misrepresentation, as the result of the service provider relying upon it in removing or disabling access to the material.

40. John Doe submitted copyright reports to Meta under section 512 representing that SoundAdvice's use of the Eddie Kramer photograph was infringing. Those representations were false. Doe made them in the name of the photographer, whom Doe was impersonating, and against the backdrop of a written license from the rights holder authorizing the very use complained of.

41. Doe's misrepresentations were knowing and material. On information and belief, Doe knew that he was not Beau Austin, knew that he was not

authorized to act for the photographer or for Toontrack, and knew that neither the photographer nor the rights holder had any complaint about SoundAdvice's use. The misrepresentations were material because they were the basis on which Meta removed SoundAdvice's content, disabled its accounts, and treated SoundAdvice as a repeat infringer.

42. Each report Doe submitted carried the statement, made under penalty of perjury and required of a copyright notification by 17 U.S.C. § 512(c)(3)(A)(vi), that the complaining party was authorized to act on behalf of the owner of the right allegedly infringed. That statement was a lie, and Doe knew it.

43. Meta relied upon Doe's misrepresentations in removing and disabling SoundAdvice's content and accounts.

44. As a direct and proximate result of Doe's misrepresentations, SoundAdvice has suffered damages, and it is entitled to recover those damages together with its costs and attorney's fees under 17 U.S.C. § 512(f).

## COUNT II

### Declaratory Judgment Under 17 U.S.C. § 512(g)

### (Against Defendant Meta Platforms, Inc.)

45. SoundAdvice realleges and incorporates paragraphs 1 through 37 as though fully set forth herein.

46. Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and legal relations of any interested party in a case of actual controversy within its jurisdiction.

47. An actual and substantial controversy exists between SoundAdvice and Meta concerning their rights and obligations under 17 U.S.C. § 512(g). SoundAdvice contends that it submitted counter-notifications effective under 17 U.S.C. § 512(g)(3), or was ready and willing to submit them and was prevented from perfecting them by Meta alone; that no complaining party has given the notice of suit required by 17 U.S.C. § 512(g)(2)(C) to justify continued suppression of the material; and that Meta is therefore obligated to restore the removed material and reinstate the accounts. Meta has taken the contrary position by keeping the accounts disabled and moving to delete the main account.

48. SoundAdvice's counter-notifications satisfy 17 U.S.C. § 512(g)(3). They identify the removed material and its former location, state under penalty

of perjury SoundAdvice's good-faith belief that the material was removed as a result of mistake or misidentification, and provide SoundAdvice's name, address, and telephone number, together with SoundAdvice's consent to the jurisdiction of this Court. To the extent any counter-notification remains unperfected, that is the result of Meta's refusal to disclose the report numbers its own form requires, and Meta may not rely on a deficiency of its own making.

49. More than the ten-to-fourteen-business-day period set by 17 U.S.C. § 512(g)(2)(C) has elapsed, and Meta has received no notice that any person has filed an action seeking a court order to restrain SoundAdvice from any activity relating to the removed material.

50. Meta's repeat-infringer determination under 17 U.S.C. § 512(i) rests entirely on the strikes generated by the forged reports. Because those reports were fraudulent, the strikes are invalid and cannot support a repeat-infringer termination of SoundAdvice's accounts.

51. SoundAdvice has no adequate remedy at law, and a declaration of the parties' rights is necessary to resolve this controversy and to establish that the removed content and the accounts must be restored.

52. SoundAdvice is entitled to a judgment declaring that: (a) its counter-notifications are effective under 17 U.S.C. § 512(g)(3); (b) Meta has

received no notice under 17 U.S.C. § 512(g)(2)(C) of any action seeking a court order concerning the removed material; (c) Meta is obligated to restore the removed material and to reinstate the accounts @soundadvice.club, @soundescape.club, and @soundadviceclub; and (d) the copyright strikes generated by the forged reports are invalid and cannot support a repeat-infringer determination against SoundAdvice under 17 U.S.C. § 512(i).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SoundAdvice, Inc. respectfully requests that the Court:

A. On Count I, enter judgment against Defendant John Doe and award SoundAdvice its damages in an amount to be proven at trial, together with its costs and attorney's fees under 17 U.S.C. § 512(f);

B. On Count II, enter a declaratory judgment against Defendant Meta Platforms, Inc. as set forth in paragraph 52, and grant such further relief under 28 U.S.C. § 2202 as is necessary and proper to make it effective, including restoration of the removed content and reinstatement of the accounts @soundadvice.club, @soundescape.club, and @soundadviceclub;

C. Award SoundAdvice its costs of suit and, to the extent authorized by law, its attorney's fees; and

D. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SoundAdvice demands a trial by jury on all issues so triable.

Dated: September 10, 2026.

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff SoundAdvice, Inc.*

**VERIFICATION**

I, Aggrey Ellis-Sangmuah, declare as follows:

1. I have personal knowledge of the facts and allegations presented in the foregoing Complaint and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the law of the United States of America that the factual statements in this Complaint are true and correct.

Executed on Sep 9, 2026.

Aggrey Ellis-Sangmuah